Opinion filed July 1, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00306-CR

                                                    __________

 

                                 JULIAN
L. REYES, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                          Mitchell
County, Texas

 

                                                     Trial
Court Cause No. 7008A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury found Julian L. Reyes, Jr. guilty of the felony offense of driving while
intoxicated.  After the jury also found “True” to an enhancement paragraph in
which it was alleged that Reyes previously had been convicted for the felony
offense of intoxication manslaughter, it assessed his punishment at confinement
for twenty years.  We affirm.

            Reyes
argues one issue in this appeal:  that the evidence was factually insufficient
to prove that Reyes was guilty of driving while intoxicated.  Specifically,
Reyes maintains that the evidence was factually insufficient to show that he
was intoxicated.

In
order to determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence
supporting guilt is so weak as to render the conviction clearly wrong and
manifestly unjust or whether the evidence supporting guilt, although adequate
when taken alone, is so greatly outweighed by the overwhelming weight of the
contrary evidence as to render the conviction clearly wrong and manifestly
unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Goodman
v. State, 66 S.W.3d 283 (Tex. Crim. App. 2001); Cain v. State, 958
S.W.2d 404 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996).  We review the factfinder’s weighing of the evidence and
cannot substitute our judgment for that of the factfinder.  Cain, 958
S.W.2d at 407; Clewis, 922 S.W.2d at 135.  Due deference must be given
to the jury’s determination, particularly concerning the weight and credibility
of the evidence.  Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000);
Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The court has the
authority to disagree with the factfinder’s determination “only when the record
clearly indicates such a step is necessary to arrest the occurrence of a
manifest injustice.”  Johnson, 23 S.W.3d at 9.

            Mitchell
County Deputy Sheriff Chris Duerstine testified that, on the day of the
offense, he stopped Reyes because Reyes was speeding.  A video was made of the
traffic stop, and the State introduced it into evidence and published it to the
jury.  We have reviewed the video, and the scenes depicted in it support the
evidence we outline in this opinion.

When Deputy Duerstine contacted Reyes, he discovered that Reyes had not
renewed his driver’s license in several years, and he also noticed that there
was a very strong smell of alcohol coming from inside the vehicle.  When Reyes
got out of the vehicle, it appeared to Deputy Duerstine that he stumbled. 
He also leaned against the vehicle and was unsteady on his feet.  Deputy
Duerstine asked Reyes to move to the rear of the vehicle, and he noticed that
Reyes’s breath smelled of alcohol.  On cross-examination, Reyes attempted to
establish that the wind was blowing in such a direction that it would have
blown any smell of alcohol away from Reyes and not toward Deputy Duerstine.  Reyes
at first told Deputy Duerstine that he had had a few beers and later said that
he had consumed “about a six-pack.”

            Deputy
Duerstine told the jury that Reyes’s eyes were bloodshot and glassy and that,
when standing in one place, Reyes swayed and had trouble standing still.  For
those reasons, Deputy Duerstine asked Reyes to sit down or to lean against the
vehicle so that he would not fall.    Deputy Duerstine attempted to perform a
horizontal gaze nystagmus test but was unable to complete the test because
Reyes would not hold his head still and move only his eyes.

            Reyes’s
attorney asked Deputy Duerstine whether he was familiar with twenty clues or
signs that the National Highway Traffic Safety Administration recommends to help
determine whether a person is driving while intoxicated.  These clues or signs
are observed while the vehicle is in motion.  Although there are others, some
of these clues or signs are turning in a wide radius, straddling the center or
lane marker, striking other vehicles or objects, and driving less than ten
miles below the speed limit.  The deputy did not observe that any of the twenty
clues or signs were present in this case.  Deputy Duerstine also testified that
he followed Reyes only for ten to fifteen seconds.

            Deputy
Duerstine called Trooper Ricardo Molina for assistance.  Trooper Molina also
testified at the trial.  He received the call to assist at about 11:30 p.m.  A
separate video was made that showed Trooper Molina’s involvement in this case. 
The State introduced it into evidence and published it to the jury.  We have
reviewed this video, and the scenes depicted in it support the evidence we
outline in this opinion.  

            When
Trooper Molina contacted Reyes, his breath smelled of alcohol, his eyes were
red and glassy, and his responses to Trooper Molina’s questions were slow.  Trooper
Molina administered a horizontal gaze nystagmus test to Reyes.  Of the six
clues that indicate intoxication during such a test, Reyes exhibited all six.

            After
completing the HGN test, Trooper Molina began to administer various field
sobriety tests.  Reyes did not successfully complete any of the tests except
that he was able to say his ABCs perfectly.  During one of the tests, Deputy
Duerstine had to stand behind Reyes to keep him from falling over.  The
evidence shows that Reyes told Trooper Molina that he had bad knees as the
result of a car accident in which he was involved in 1995 and that he still had
a bad bruise from that.  The trooper was able to observe Reyes long enough to
see that there were clues present that indicated that Reyes was intoxicated.

            Although
Reyes was cooperative with Trooper Molina and was not belligerent, obscene, or
rude, at times he either refused to, or could not, answer the trooper’s questions. 
Trooper Molina told the jury that that was common with persons who are
intoxicated.  Reyes refused to submit to a blood or breath test.

            Trooper
Molina testified that it was his opinion that Reyes did not have the normal use
of his mental and physical faculties and that he was driving while
intoxicated.  When asked if there was any doubt in his mind that, when he
arrested Reyes, Reyes was intoxicated, Trooper Molina responded, “No, no
doubt.”

            Manuel
Reyes, one of Julian Reyes’s younger brothers, testified for Reyes.  Manuel
told the jury that he had picked Reyes up late in the evening to go to a barbecue
in the neighborhood.    Manuel bought a six-pack of beer at some point in time,
although the record is not entirely clear when.  Manuel had had a twenty-four
ounce beer earlier, but as far as he knew, Reyes had not had any beer before he
drank two beers out of the newly purchased six-pack; there was no beer at the barbecue. 
In addition to the twenty-four ounce beer, Manuel had drunk one beer out of the
new six-pack and was in the process of drinking another when Deputy Duerstine
stopped them.  There were two unopened beers in the vehicle when they were
stopped.  Manuel did not think that Reyes was intoxicated or impaired in any
way.  The jury was informed that the witness, Manuel, had been convicted twice
for felony driving while intoxicated.

We
have reviewed all of the evidence in a neutral light, and we determine that the
evidence supporting guilt is not so weak as to render the conviction clearly
wrong and manifestly unjust.  Further, the evidence supporting guilt is not so
greatly outweighed by the overwhelming weight of any evidence to the contrary
as to render the conviction clearly wrong and manifestly unjust.  The evidence
is factually sufficient to support the verdict of the jury.  Reyes’s sole issue
on appeal is overruled.

We
affirm the judgment of the trial court.

 

 

                                                                        JIM
R. WRIGHT

                                                                        CHIEF
JUSTICE

            

July 1, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.